**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BECKY D. HALL,[1]

    Plaintiff,

vs.                                            CASE NO. 3:06-cv-697-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER & OPINION**

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for Disability Insurance Benefits (DIB). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #15, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #21, D's Brief). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated January 10, 2007 (Doc. #11). The Commissioner has filed the Transcript of the proceedings (hereafter referred to as "Tr." followed by the appropriate page number). Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the Court in its making its determinations. Accordingly, the

---

[1]The Court notes Ms. Hall has several alias names of record (*see, e.g.,* Tr. 262), including Becky D. Hall and Becky D. Strickland. Many of the medical records found in the Commissioner's transcript of the proceedings are in the name of Becky Strickland. For purposes of this case, the Court takes notice that Becky Strickland and Becky Hall are one in the same person.

matter has been decided on the written record. For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed an application for DIB on October 3, 1999 (Tr. 262-63). Plaintiff's initial application was denied, as was her request for reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ) and the hearing took place before ALJ Edward Bayouth-Babilonia on March 7, 2001 (Tr. 40-95). After the hearing, the ALJ issued an unfavorable decision on August 29, 2001 (Tr. 194-207). The Appeals Council granted review, vacated the August 2001 decision and remanded the case with directions to the ALJ to further evaluate Plaintiff's mental conditions and to update the record (Tr. 244-47). On remand, a hearing was held before ALJ John D. Thompson, Jr. on March 30, 2004 (Tr. 103-71).[2] Plaintiff appeared and testified at the hearing, as did vocational expert Paul Dolan. On December 3, 2004, ALJ Thompson denied Plaintiff's application for DIB (Tr. 26-39). The Appeals Council upheld the denial (Tr. 8-10), rendering the ALJ's decision the final decision of the Commissioner. Plaintiff's current counsel of record, attorney Mary Ann Shephard, represented Plaintiff during the underlying administrative phase of the case and continues to represent Plaintiff in this federal court action. The instant complaint was filed August 3, 2006 (Doc. #1).

## STATEMENT OF THE FACTS

Plaintiff Becky D. Hall, born on October 27, 1947, was 57 years old at the time of the hearing before ALJ Thompson (Tr. 107, 262). Plaintiff attended two years of college and

---

[2]During the interim, ALJ Bayouth attempted to hold a second hearing, but Plaintiff failed to appear (Tr. 96-102).

established a career as a registered nurse (Tr. at 107).  Plaintiff has a history of mental and physical difficulties, but worked consistently as a labor and delivery nurse from 1985 until August 1998 (Tr. 49, 108-09,112-13, 122).  In 1995, Plaintiff was involved in a motor vehicle accident during which her leg was trapped under a vehicle (Tr. 152).  As a result of this accident, Plaintiff suffered several broken ribs as well as soft tissue damage to her foot, leg, neck and back (Tr. 30, 113, 152).

Following the 1995 accident, Plaintiff continued to work as a labor and delivery nurse at Shands Hospital at the University of Florida until August 1998 when she left due to back pain and back spasms (Tr. 112-13).  Plaintiff has a "history of myofacial pain syndrome, polyarthritis vs. fibromyalgia, rheumatoid arthritis, degenerative joint disease of the cervical spine, degenerative joint disease in the lumbar spine, peptic ulcer disease, small hiatal hernia, gastroesophageal reflux disease, plantar fascitis, anxiety and depression," which the ALJ found to be severe impairments (Tr. 38, Finding No. 3).

Plaintiff testified that she has suffered from symptoms of depression since the 1970's, for which she has been continually treated with anti-depressant and anti-anxiety medications and counseling (Tr. 122-23).  Plaintiff stated that she was able to function satisfactorily as a nurse despite symptoms of depression and anxiety (Tr. 122-23). However, she also testified that she does not "deal well" with stress or changes without her medication (Tr. 124).  Plaintiff testified that although her job was a "constant stress," it was her medical problems which prompted her to leave her nursing job (Tr. 113-14, 125, 129). Plaintiff testified that she has long suffered from memory problems, but those problems have increased in the last few years (Tr. 128, 131).  Psychiatric treatment notes from Plaintiff's treating doctors at Shands indicate that Plaintiff has long been prescribed anti-

anxiety and anti-depressant medications which she tolerates well and which help her symptoms (Tr. 565-616).

Since leaving her nursing position, Plaintiff lives with her mother in Lake City, and occasionally stays with her daughter in Jacksonville (Tr. 147-48).  She drives between the two cities regularly for visits and to see her doctors (Tr. 144-46).  Plaintiff helps her mother with household chores, runs errands and watches her grandchildren while their mother is out (Tr. 138, 146, 148, 157).

## STANDARD OF REVIEW

Plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months.  20 C.F.R. § 404.1505.[3]  The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520.  Plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more

---

[3] Unless otherwise specified, all references to 20 C.F.R. will be to the 2006 edition.

than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the court should affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dept. of Health & Human Servs*, 21 F.3d 1064, 1066 (11th Cir. 1994).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

**ANALYSIS**

Plaintiff alleges the ALJ failed considered the combination of Plaintiff's physical and mental impairments when determining that she was not disabled.  (P's Brief at 7).  In this regard, Plaintiff contends the ALJ erred in his evaluation of the medical evidence of the treating physicians (P's Brief at 10).  The ALJ found that Plaintiff was "unable to perform

her prior relevant work as a registered nurse," but that she retained the skilled work experience and exertional capacity for a reduced range of light and sedentary work and was thus, "not disabled." (Tr. at 38).

**Combination of Impairments**

In determining whether an individual's physical or mental impairments are of sufficient severity to establish disability under the Regulations, the ALJ is required to consider all of the individual's impairments regardless of whether each impairment on its own is found to be severe. 20 C.F.R. § 404.1523. The Eleventh Circuit has held that where "a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The *Bowen* court went on to hold that "in such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of the impairments and to decide whether the combined impairments cause the claimant to be disabled." *Id.*

In the instant matter, the ALJ found that Plaintiff suffered from "myofascial pain syndrome, polyarthritis vs. fibromyalgia, rheumatoid arthritis, degenerative joint disease of the cervical spine, degenerative joint disease in the lumbar spine, peptic ulcer disease, small hiatal hernia, gastroesophageal reflux disease, plantar fascitis, anxiety and depression," which were severe impairments (Tr. 38, Finding No. 3). After listing these impairments, the ALJ stated that the impairments were severe, but "[did] not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (Tr. at 38, Finding No. 3; *see also* Tr. at 35, ". . .the claimant has severe impairments.

However, the claimant has no impairment which meets the criteria of any of the listed impairments described in Appendix 1 of the Regulations." (citations omitted)).

Throughout the decision, the ALJ specifically refers to Plaintiff's other alleged impairments. The ALJ's consideration of the impairments he determined were not severe under the Regulations is obvious. For example, the ALJ noted Plaintiff has had multiple rib fractures, neck, back and shoulder pain, joint pain and poor sleep (Tr. 30, 33). The ALJ also noted Plaintiff's testimony regarding her assertions she does not deal well with others, or with stress and changes (Tr. 31). The decision clearly reflects the ALJ considered Plaintiff's claimed memory problems, muscle spasms in neck and back, ringing in ears, her "shakes," her light headedness, her dizziness, high blood pressure, sinus problems, allergies, balance issues, temporomandibular joint symptoms, and trouble with her right foot (Tr. 30, 32).

Plaintiff's argument is that "the ALJ did properly consider [all impairments] as a whole." (P's Brief at 7). Plaintiff goes on to assert, "In denying Ms. Hall's claim, neither ALJ gave weight to how hard Ms. Hall tried to continue to work after her accident in August 0f 1995, notwithstanding both her mental and physical limitations. These should have been weighed in combination." (P's Brief at 7 (citations omitted)).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having severe hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Statements of the

ALJ may make clear that he has considered the impairments in combination.  *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986); *accord, Jones v. Dept. of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (finding that a claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4" indicates proper consideration of impairments in combination).

In the instant case, Plaintiff appears to find error that the ALJ did not articulate the exact words "an impairment or combination of impairments" in his Step 3 finding.  However, Plaintiff's argument ignores legal precedent that accepts overall statements in the ALJ's decision may make clear the ALJ's consideration of impairments in combination.  *Wheeler*, 784 F.2d at 1076.  Here, the ALJ thoroughly discussed the medical evidence, listing various impairments before concluding that Plaintiff did not suffer from a disability (Tr. 30-34).  The ALJ specifically stated step two of the sequential evaluation of the evidence requires the ALJ to consider, "Does the individual have a severe impairment or combination of impairments?"  (Tr. 30).  All of the alleged impairments are discussed in the ALJ's decision.  Thus, under *Wheeler* and *Jones*, it is clear from the ALJ's analysis and wording that he was aware of all Plaintiff's impairments and considered them in combination as required under 42 U.S.C. § 423(d)(2)(B).

**Evaluation of Medical Evidence and Treating Physicians' Opinions**

The transcript of the underlying proceedings encompasses 933 pages[4] and includes among other things, Plaintiff's medical records, Plaintiff's statements and correspondence[5] concerning this case, and, of course, the testimony at two separate hearings. The medical records date back to July 1992 (*see* Tr. 616) and include laboratory and other test results, and notes of numerous treating, examining and reviewing physicians and medical sources. The ALJ's discussion of this case reveals a detailed, thorough and comprehensive review of the evidence. The ALJ's references to all of Plaintiff's impairments is substantial evidence that the totality, or combination, of Plaintiff's impairments were considered by the ALJ when making his decision.

Furthermore, in considering the record as a whole, the ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d at 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of

---

[4]The Court notes Plaintiff's reference to a "treating physician, Dr. A. Touchton's opinion" on page 935 of the record (P's Brief at 11-12). The Court has not had the benefit of reviewing this document as it was not included in the Commissioner's transcript of the underlying proceedings. The transcript before the Court ends at page 933, Exhibit 30-F. However, the Court does not find the omission of this document to be fatal to the decision of ALJ Thompson. The ALJ specifically refers to the cited opinion of Dr. A. Touchton in his decision. Thus, the ALJ's explicit consideration of the opinion (*see* Tr. 32), coupled with thorough review of the record as a whole and substantial evidence to support the ALJ's findings, satisfies the Court that omission of this single record is harmless. *See Ward v. Comm'r of Social Security,* 211 F.3d 652, 656 (1st Cir. 2000) (". . . a remand is not essential if it will amount to no more than an empty exercise (internal citations omitted))*; Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." (internal citations omitted)).

[5]The record contains a twelve page, hand-written letter from Plaintiff disputing the findings of the ALJ (*see* Tr. 11, 13-24).

his findings and statements).  Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

In the instant matter, the ALJ was presented the medical opinions of no less than ten doctors who examined, treated and consulted with Plaintiff.  In reaching his conclusions, the ALJ gave varying weights to the medical opinions based on consistency with other evidence and the temporal relationship to the proceedings.  The opinions of treating physician Dr. W. Jeter, M.D., and consulting physician Dr. C. Russell, Clifton, Jr., Ph.D., were afforded more weight because their opinions were more recent, consistent with each other, and consistent with psychiatric notes from Plaintiff's visits to an outpatient treatment facility (*see* Tr. 33,765-67, 910-17).  The opinion of Dr. Maria Vera, Ph. D., LCSW, another of Plaintiff's treating sources, was given less weight because it was contradicted by other evidence and included inconsistencies which the ALJ specifically identified (Tr. at 33, 762-64,904).  The opinion of Plaintiff's treating chiropractor, Dr. Faas, that Plaintiff was totally disabled and could not perform any work activity was given little weight because his reports lacked either "significant objective findings," or "diagnostic testing," his expressed opinion on total disability is reserved to the Commissioner, and his status as an other medical treatment source limits the amount of weight to which his opinion is entitled (Tr. 34, 705-06).[6]  The state agency consultants who completed physical

---

[6] Evidence from other sources may also be used to show the severity or effects of a claimant's impairments.  20 C.F.R. §416.913(d). Other sources include, but are not

RFC assessments and psychiatric review technique assessments were given "some weight" because these reports were "generally consistent with and supported by the evidence as whole" (Tr. 35, 618-654).  The opinion of Dr. Lord, and evaluating physician, was given greater weight as it was more consistent with Plaintiff's treating physician, Dr. Qaiyumi (Tr. 34).

Plaintiff asserts, "It seems that in evaluating all of the multiple records at Shands Psychiatric Unit, the ALJ committed errors in ruling that neither the tenor nor content of the records showed she had significant symptoms of anxiety and depression that would prevent her from working." (P's Brief at 11).  The ALJ actually stated, "Neither the tenor nor content of the psychiatric notes from the treating sources at Shands indicate that the claimant has significant symptoms of depression or anxiety such as to preclude all work activity." (Tr. 32).  Review of the record reveals there is substantial evidence to support this finding.  Indeed, as Plaintiff points out, Plaintiff has a long history of mental health treatment which precedes her alleged onset date of disability by several years, during which time she continued to work. (*See e.g.*, P's Brief at 11, Tr. 14-15).

Thus, the ALJ's extensive review of the objective medical opinions in this case and his reasoning in determining the weight of each opinion satisfies the Court that no error was

---

limited to nurse-practitioners, physicians' assistants and chiropractors.  *Id.*  Regardless of its source, the Commissioner will evaluate *every* medical opinion he receives.  20 C.F.R. §416.927(d) (emphasis added).  In evaluating a medical opinion that does not warrant *controlling* weight, the ALJ must weigh the opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; and, 6) the factors which tend to support or contradict the opinion.  20 C.F.R. § 416.927(d).

11

made in evaluating the medical evidence or the record as a whole.

## CONCLUSION

There is no error in the ALJ's determination that Plaintiff is not disabled. There is substantial evidence in the record that the ALJ considered Plaintiff's combination of impairments, as required by the Eleventh Circuit, and determined that Plaintiff is not disabled by that combination of impairments. Accordingly, the Commissioner's decision is hereby **AFFIRMED**, and the Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of September, 2007.

Copies to:
Counsel of Record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge